NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA SANTAY-POROJ; DELMY MARIEL SANTAY,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   19-70762<br><br>Agency Nos.   A208-278-058<br>                        A208-278-057<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Maria Santay-Poroj and Delmy Mariel Santay, citizens of Guatemala, petition

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

their appeal from an order of an Immigration Judge ("IJ") denying Santay's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application, as lead petitioner, for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.[1]

1.    The agency's findings that Santay did not carry her burden of demonstrating eligibility for asylum or withholding of removal were supported by substantial evidence.

a. Santay claimed to be a member of a particular social group of "Guatemalan women who are unable to leave their domestic partnership." But, substantial evidence supports the agency's finding that "nothing in the record demonstrates societal recognition of unmarried women unable to leave their domestic relationship." Substantial evidence also supports the agency's finding that Santay is not a member of that group. Santay's abusive partner left Guatemala in 2003, and she had no contact with him until 2015 (at which time he did not try to force her back into a relationship).

b.    Santay also claimed to be a member of a particular social group of

---

[1] The BIA appeared to adopt all reasons given by the IJ in her decision, expanding on a few. Santay's opening brief, however, addresses only the reasons expressly discussed in the BIA's decision. If challenges to the IJ's other findings—on credibility or the merits—are treated as forfeited, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996), Santay's petition would likely fail regardless of the merits of her briefed arguments. We today assume arguendo that Santay's testimony was credible, and because the government does not raise the issue, do not treat any of her briefed arguments as forfeited.

2

"Guatemalan women who have been the victim of gang threats because of their reporting of gang crimes and threats." Santay analogizes this proposed group to individuals who have testified against gangs, which was recognized as potentially cognizable in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). But, in *Henriquez*, the evidence established the social distinction of those who testify against gangs in El Salvador. *Id.* at 1092. Santay presented no such evidence here. Even assuming the group is cognizable, the record does not compel the conclusion that Santay was threatened for reporting any gang crimes or threats.

2. The agency's finding that Santay does not qualify for CAT protection is also supported by substantial evidence. The record does not compel a finding that the government would acquiesce in Santay's torture. *See* 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). The police arrested and detained Santay's partner after she complained of his abuse, and country conditions reports show that Guatemala has begun to address domestic violence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014); *see also Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam).

**PETITION FOR REVIEW DENIED.**